UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:16-cr-00241-KJM |
| Plaintiff, | ORDER |
| v. | |
| Monica Morales, | |
| Defendant. | |

On September 11, 2023, defendant Monica Morales filed a redacted version of her amended motion for compassionate release and an unopposed request to file her medical records and the unredacted amended motion under seal. *See* Am. Mot., ECF No. 118; Notice of Req. to Seal, ECF No. 119.

The court has considered the factors set forth in *Oregonian Publishing Company v. United States District Court for the District of Oregon* and finds defendant has met her burden of overcoming the strong presumption in favor of public access to judicial records. 920 F.2d 1462, 1466 (9th Cir. 1990) (factors are "(1) closure serves a compelling interest; (2) there is a substantial possibility that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives that would adequately protect the compelling interest." (citing *Press-Enter. Co. v. Superior Ct.*, 478 U.S. 1, 13–14 (1986)); *see Kamakana v. City of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

Defendant's redacted amended motion, filed on the public docket, omits language defendant alleges could make her vulnerable to retaliation. *See* Am. Mot. Having reviewed the sealed documents in camera, the court is persuaded by defendant's declaration and unopposed request to file the amended motion under seal. The information defendant provides to support the purported risk of retaliation amount to more than mere speculation. *See Kamakana*, 447 F.3d at 1182 ("[I]f the court decides to seal certain judicial records, it must 'base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). The sensitive nature of certain allegations and the related risk of retaliation warrant filing a redacted version of the amended motion in the public docket. *See Xiao Ye Bai v. Johnson*, No. 20-2192, 2022 U.S. Dist. LEXIS 121581, *2–3 (D. Nev. July 11, 2022) (granting request to seal in light of threat of retaliation). The **defendant's redacted amended motion is deemed filed**.

Along with her Notice of Request to Seal Documents, defendant provided the court with a copy of her medical records, which she seeks to seal. *See* Notice of Req. to Seal. The subject of these medical records has a strong interest in confidentiality, which, in this case, outweighs the public's interest in access. *See Valenzuela v. Corizon Health*, 2018 WL 11014310 (D. Ariz. July 3, 2018) (granting plaintiff's motion to "seal documents containing her privileged medical information"); *Chester v. King*, No. 16-01257, 2019 WL 5420213, at *2 (E.D. Cal. Oct. 23, 2019) (collecting cases and noting courts in this circuit have "recognized that the need to protect medical privacy qualifies as a 'compelling reason' for sealing records"). The court also finds there are no alternatives to sealing that would adequately protect these compelling interests. Therefore, the court **directs the Clerk of Court to file defendant's medical records under seal**.

Because the court accepts defendant's amended motion (ECF No. 118), the original motion (ECF No. 104) is now moot.

This order resolves ECF Nos. 104 and 119.

IT IS SO ORDERED.

DATED: October 12, 2023.

CHIEF UNITED STATES DISTRICT JUDGE